# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **RICHARD ZAKARIAN** ) | **CASE NO. 1:14cv1730** |
| ) | **Related Criminal Case No. 1:13cr218** |
| ) | |
| Petitioner, ) | **JUDGE DAN AARON POLSTER** |
| ) | |
| vs. ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |

Before the Court is Petitioner Richard Zakarian's *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (**Doc. #1**). For the reasons to follow, the Motion is **DENIED** and the case summarily dismissed.

## I.

On May, 7 2013, pursuant to a plea agreement, Zakarian pled guilty to two counts of wire fraud in violation of 18 U.S.C. § 1343, two counts of mail fraud in violation of 18 U.S.C. § 1341 and one count of making and subscribing false income tax returns in violation of 18 U.S.C. § 7206.[1] (Doc. #18). Following Zakarian's guilty plea, the Court sentenced him to 210 months in prison. (Doc. # 19). On August 6, 2014, Zakarian filed the instant § 2255 Petition.

---

[1] All document references, except for the instant motion, are from the criminal case, No. 1:13cr218-DAP.

1

**II.**

Under 28 U.S.C. § 2255, a federal district court may grant relief to a prisoner in custody under a sentence imposed by that court "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." *Id.* To prevail on a § 2255 claim, the petitioner must allege either "1) an error of constitutional magnitude; 2) a sentence imposed outside the statutory limits; or 3) an error of fact or law that was so fundamental to render the entire proceeding invalid." *Short v. United States,* 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States,* 334 F.3d 491, 496-97 (6th Cir. 2003).

Rule 4(b) of the Rules Governing Section 2255 Proceedings requires the judge to whom the 2555 petition is assigned to promptly make a preliminary examination of the petition, records, and transcripts relating to the judgment under attack. Rule 4(b) provides in pertinent part as follows:

> If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate.

*Id.* The Court has promptly examined the § 2255 Petition and the record in the underlying criminal case and finds that it plainly appears that Zakarian is not entitled to relief in the district court for the following reasons.

In his plea agreement, Zakarian waived his right to bring a collateral challenge under §2255, except for ineffective assistance of counsel or prosecutorial misconduct. (Plea Agreement at 8-9, Doc. # 8). In addition, Zakarian waived his right to appeal his sentence, except for two limited circumstances. Zakarian reserved the right to appeal any punishment in excess of the statutory maximum or any sentence that exceeds the maximum of the sentencing imprisonment range for offense level 36, using the Criminal History Category found applicable by the Court. Id. It is well-settled that a criminal defendant may lawfully waive any right, statutory or constitutional, in a plea agreement with the government so long as the defendant's waiver is both knowing and voluntary. See *United States v. Coker*, 514 F.3d 562, 573 (6th Cir.2008) ("A defendant may waive any right, including a constitutional right, in a plea agreement so long as the waiver is knowing and voluntary."). Zakarian does not suggest that his waiver was involuntary or unknowing. Rather, the basis for Zakarian's § 2255 Petition is that his counsel was ineffective for allowing him to agree to certain enhancements that were used to compute his offense level.

The plea agreement included a table reflecting the parties' respective positions as to the computation of Zacharian's offense level. Doc. # 8 at 7. Pursuant to the terms of the agreement, the parties agreed to all aspects of the computation with the sole exception of whether there should be an enhancement for obstruction of justice. Zakarian now challenges two enhancements that he had previously agreed to. First, Zakarian challenges the enhancement for acting on behalf of a charity, which added two points to his base offense level. Second, because he disagrees with the characterization of his conduct as involving "sophisticated means,"

3

Zakarian challenges this enhancement, which also added two points to his base offense level.

As to the "acting on behalf of a charity enhancement," Zakarian points out that in his plea agreement this enhancement was incorrectly identified as section 2B1.1(b)(8)[2] of the Sentencing Guidelines; the correct section is 2B1.1(b)(9). Zakarian contends that if the government intended to apply section 2B1.1(b)(9), "then such an enhancement has other implications." Subsection (A) of section 2B1.1(b)(9) allows for a two level enhancement if the offense involved "a misrepresentation that the defendant was acting on behalf of a charitable, religious, or political organization, or a government agency." Zakarian argues that if the government intended to apply subsection (A), then it should not have also applied an enhancement for abuse of position of trust and special skill. In support, Zakarian points to section 7(E)(ii) of the Commentary to the Guidelines, which states:

> If the conduct that forms the basis for an enhancement under subsection (b)(9)(A) is the only conduct that forms the basis for an adjustment under §3B1.3 (*Abuse of Position of Trust or Use of Special Skill),* do not apply that adjustment under § 3B1.3.

While Zakarian characterizes these as ineffective assistance of counsel arguments, he is really challenging his sentence. Zakarian does not allege that he would not have plead guilty or that he would have insisted on going to trial. Rather, Zakarian specifically states that "he should have his total offense level reduced by two levels." (Doc. #1. Petition at 3). However, this is an

---

[2] Zakarian argues that it is unclear which enhancement is being referred to in the plea agreement. The Court notes that while the wrong section of the Guidelines is identified in the plea agreement, this is a negligible error. Next to the incorrectly identified section, there is a description of the section, which reads "misrepresentation-acting on behalf of a charity." This is clearly the enhancement that is being referred to in the plea agreement. The General Allegations, which are attached to the plea agreement, describe how Zakarian made misrepresentations that he was acting on behalf of a charitable organization (Doc. # 8-1, paragraph 31).

argument that Zakarian would have had to make on appeal, had he not waived his right to appeal.[3]  *See U.S. v. Johnson,* 2009 WL 2151723, *2 (N.D. Ohio, July 16, 2009) (holding that "[a]n appeal of an incorrect sentence based on [the Guidelines] should have been raised on direct appeal.. not in a 28 U.S.C. § 2255 motion) (citation omitted).

Accordingly, Richard Zakarian's Motion under 28 U.S.C. 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody **(Doc. # 1)** is hereby **DENIED** and the case is summarily dismissed under Rule 4(b).

**IT IS SO ORDERED.**

*/s/Dan Aaron Polster 8/12/14*
**Dan Aaron Polster**
**United States District Judge**

---

[3] The Court notes that Zakarian could not have filed a direct appeal because, pursuant to the plea agreement, he did not meet either of the limited exceptions. The Court sentenced him below the statutory maximum, and it imposed a sentence within the Guidelines range for offense level 36, criminal history category I (Doc. # 19, at 79).