# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **RICHARD A. ZAKARIAN,** | ) | **Case No.   1:13-CR-00218** |
| | ) | |
| **Petitioner,** | ) | **Judge Dan Aaron Polster** |
| | ) | |
| **vs.** | ) | **OPINION AND ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

Before the Court is Defendant Richard Zakarian's Motion for Compassionate Release, **Doc #: 47.**   For the following reasons, Zakarian's Motion is **DENIED.**

## I.    Background

On May 7, 2013, pursuant to a plea agreement, Zakarian pleaded guilty to two counts of Wire Fraud, two counts of Mail Fraud and one count of Making and Subscribing False Income Tax Returns in violation on 18 U.S.C. §§ 1341, 1343, and 26 U.S.C. § 7206(1). Doc #: 47 at 1. On August 7, 2013, the Court sentenced Zakarian to 210 months in custody followed by 3 years of supervised release. *Id.* Zakarian is serving his sentence at LSCI Allenwood Low and has an expected release date of September 5, 2027.[1]

On June 23, 2020, Zakarian submitted a request to be released to home confinement to the Warden. Doc #: 47, Ex. B. On July 1, 2020, Zakarian's request was denied, and he filed this Motion on September 15, 2020.[2] *Id.* The Government did not file a response to his Motion.

---

1 https://www.bop.gov/inmateloc/.
2 A defendant must satisfy § 3582(c)(1)(A)(i)'s exhaustion requirement before filing a motion for compassionate release. The Court finds that Zakarian satisfied his exhaustion requirement.

## II.     Discussion

Under § 3582(c)(1)(A)(I), before granting a sentence modification, a court must find: (1) extraordinary and compelling reasons warrant a sentence modification; (2) the defendant is not a danger to the safety of any other person or the community, and (3) the reduction is appropriate considering the sentencing factors located at 18 U.S.C. § 3553(a). *See United States v. Hardin*, Case No. 1:19 CR 240, 2020 WL 2610736, at *2–3 (N.D. Ohio Apr. 7, 2020).

### A.     Extraordinary and Compelling Reasons

Extraordinary and compelling reasons for sentence modification exist under four categories set forth at U.S.S.G. § 1B1.13 Application Note 1. Here, the only relevant category is the fourth category, labeled "other reasons." *Hardin*, 2020 WL 2610736, at *3. To determine whether other reasons warrant sentence modification, the Court considers whether: (1) the defendant is at high risk of having grave complications should he contract COVID-19, and (2) the prison where the defendant resides has a severe COVID-19 outbreak. *Id.*

The Centers for Disease Control and Prevention ("CDC") have determined that certain medical conditions unquestionably present an increased risk from COVID-19.[3] The documented medical conditions that Zakarian cites in support of his motion are asthma and obesity.  *See* Doc #: 47 at 6. Obesity falls under the first category for those that are "at increased risk" of severe illness of COVID-19. Doc #: 47 at 2; *Id*. Asthma falls under the second category for those that "might be at an increased risk" for severe illness of COVID-19. *Id*. Therefore, the Court finds that Zakarian's medical conditions satisfy the first prong of the "extraordinary and compelling reasons"

---

[3]*See* People of Any Age with Underlying Medical Conditions, Centers for Disease Control And Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited October 2, 2020).

test.

However, the second prong of the test is where Zakarian's argument fails. To date, only a single prisoner has tested positive for COVID-19, and one staff member has tested positive.[4]  Both the inmate and staff member have recovered. Zakarian does not dispute these facts. Doc #: 47 at 2. Therefore, because Allenwood Low is not experiencing a severe COVID-19 outbreak, the second prong of the "extraordinary and compelling reasons test" fails.

### B.    Other Relevant Elements

Because Zakarian fails the second prong of the "extraordinary and compelling reasons" test, the Court need not determine 1) whether he poses a danger to others should he be released or 2) whether reduction is appropriate considering the § 3553(a) sentencing factors, pursuant to 18 U.S.C. § 3142(g) and 18 U.S.C. § 3553(a). *See Hardin*, No. 1:19 CR 240. However, the Court notes that generally, the § 3553(a) factors favor release when a high-risk defendant being held in a prison experiencing a severe COVID-19 outbreak has less than a year of their sentence remaining. *See Hardin*, 2020 WL 2610736, at *4. Zakarian still has approximately 83 months to serve on his 210-month sentence.

### III.    Conclusion

The Court notes that it is not unsympathetic to Zakarian's position. His fears regarding confinement are undoubtedly legitimate, especially given his medical conditions. Further, the Court recognizes Zakarian's efforts to better himself since sentencing. Doc #: 47, Ex. E. However, the existence of a pandemic does not authorize the undersigned to usurp the BOP's authority and

---

[4] COVID-19 Coronavirus, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited October 1, 2020).

empty prisons, especially where the facility has not been severely impacted by the outbreak. *See United States v. Brown*, No. 5:18 CR 111, Doc #: 48 at 3 (N.D. Ohio May 21, 2020).

For the above reasons, Zakarian's motion, **Doc #: 47,** is **DENIED.**

**IT IS SO ORDERED.**

**/s/ Dan Aaron Polster  October 2, 2020**
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

4